UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-24-DLB

PATRICIA M. SHEPHERD                                                                                    PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

***************************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, hereby reverses and remands the ALJ's decision, as it is not supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Patricia M. Shepherd filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) payments on January 24, 2003. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on May 5, 2004, in Hazard, Kentucky. On November 4, 2004, ALJ Peter Davenport issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for further review by letter dated November 30, 2005. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claims.

Plaintiff, who was 40 years old at the time of the hearing, completed a tenth grade education and has vocational training as a certified nurse's assistant (CNA). She alleges an inability to work beginning on December 17, 2002, due to status post foot surgery and arthroscopy of the right knee, osteoarthritis of the back and knees, and polysubstance abuse. At the hearing before the ALJ, Plaintiff also indicated that the pain in her lower back radiates into her hips and legs, and is aggravated by prolonged sitting and standing; her knees are "real bad" and impede her ability to climb stairs, sit, and stand; she has arthritis in her left knee; she can sit and stand for 15-20 minutes; she has trouble with her neck and shoulders, and gets headaches; and she has suffered from depression since 1997, when her husband committed suicide.

Having exhausted her administrative remedies, Plaintiff filed the instant suit on January 25, 2006. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

**A.     Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even

if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.   The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 16). At Steps 2 and 3, the ALJ found that Plaintiff 's osteoarthritis of the back and knees, status post foot surgery and arthroscopy of the right knee, and polysubstance abuse in remission constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17). At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform light work. (Tr. 18). Specifically, the ALJ found that Plaintiff can: lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk/sit for about 6 hours in an 8-hour workday; occasionally push/pull with her lower left extremity, climb ladders/ropes/scaffolds, stoop,

3

crouch, or crawl; and must avoid concentrated exposure to extreme cold and vibration. (Tr. 18).

Based upon these findings, the ALJ concluded that Plaintiff is able to perform her past relevant work as a cashier, waitress/fast food worker, or photo worker. (Tr. 18). Accordingly, the ALJ terminated the sequential evaluation at Step 4.

**C.     Analysis**

Plaintiff advances three primary arguments on appeal.  First, she argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Cesar Agtarap, in favor of state agency physicians, in violation of 20 C.F.R. § 404.1527(d)(2).  According to Plaintiff, the ALJ failed to provide good reasons for rejecting Dr. Agtarap's opinion, and did not consider the regulatory factors in deciding how much weight to give it.  Second, she argues that the ALJ failed to consider the combined effect of her impairments, including those deemed non-severe.  Finally, Plaintiff argues that the ALJ failed to consider her mental impairments and the limitations occasioned thereby.

In response, the Commissioner argues that the ALJ properly rejected Dr. Agtarap's RFC assessment because "[he] only saw Plaintiff three times before offering his assessment of her limitations," and therefore, "had no longitudinal treating relationship [with her]...." (Doc. #5, p.3).  She also contends that the ALJ provided adequate reasons for rejecting Dr. Agtarap's assessment; namely that it was not fully supported by medical findings and was inconsistent with other substantial evidence. The Commissioner argues that Plaintiff failed to present any evidence that those impairments deemed "non-severe" resulted in any work-related limitations. With respect to any alleged mental impairment, the Commissioner notes first that the ALJ found that Plaintiff did not have a severe mental

impairment, and second that Plaintiff would not be precluded from performing the requirements of light work, even accepting the limitations imposed by the state agency psychologists.

Plaintiff first argues what is commonly referred to in disability proceedings as the "treating physician rule."  Under that rule, opinions of physicians who have treated the claimant receive controlling weight if they are: (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) not inconsistent with the other substantial evidence in the case record.  20 C.F.R. § 404.1527(d)(2).  If the ALJ concludes that either of these criteria are not satisfied, he is required to apply the following factors in determining how much weight to give a treating physician's opinion: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source...."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  If an ALJ elects not to give controlling weight to a treating physician's opinion, the regulations also require him to provide "good reasons" for his decision.  *Id.*  *See* 20 C.F.R. § 404.1527(d)(2).  That requirement is not dispensed with even where a reviewing court finds that the ALJ's decision, as a whole, is supported by substantial evidence.  *Id.*

"The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once ...."  *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  The Commissioner argues that this assumption does not hold true in this case, where the

5

physician at issue only examined Plaintiff on three occasions. The Sixth Circuit has stated, "depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Kornecky v. Comm'r of Social Security*, 167 Fed.Appx. 496, 507 (6th Cir. 2006).

As discussed by the ALJ in his written decision, Plaintiff first consulted Dr. Michael Vories of Simon & True Medical Consultants in April 2002. (Tr. 287). She was referred by Dr. Achtar and presented with chief complaints of lumbar pain, bilateral knee pain, and neck pain. (Tr. 287). Initial diagnoses were: chronic pain; lumbago, myofasciitis; fibromyalgia, unspecified; and degeneration, lumbosacral. (Tr. 287). Plaintiff continued to treat with Dr. Vories over the next year, and additional diagnoses included: sciatica, facet joint arthropathy, and anxiety. Treatment generally consisted of pain medication, physical exercise, and epidural injections. CT scans of her lumbar spine, right hip, and left knee were performed on December 31, 2002, and revealed facet arthropathy at L5-S1 and mild degenerative joint disease of the right hip. (Tr. 289). The scan of Plaintiff's left knee was normal. (Tr. 290).

Plaintiff first saw Dr. Agtarap, a colleague of Dr. Vories', on August 4, 2003. (Tr. 381). She returned for follow-up visits on August 29th, September 30th, and October 29th. (Tr. 276-280). Plaintiff's diagnoses and treatment remained the essentially same. On August 4, 2003, Dr. Agtarap completed a "Medical Assessment of Ability to do Work-Related Activities (Physical)," in which he indicated that Plaintiff can lift/carry 2-3 pounds occasionally, 5 pounds frequently; stand/walk/sit 2-3 hours in an 8-hour workday, 15 minutes without interruption; occasionally balance, stoop, and crouch; never climb, kneel, or crawl; and her ability to push/pull is limited. (Tr. 236-38). This assessment was in stark

contrast to the opinions of the state agency physicians, who limited Plaintiff to medium level work, with only occasional climbing ladders/ropes/scaffolds, stooping, crouching, and crawling, and limited pushing/pulling with her lower left extremity.  (Tr. 291-98, 300-05).

In finding Plaintiff not disabled, the ALJ deferred to the opinions of the state agency reviewers.  He also expressly rejected Dr. Agtarap's physical RFC assessment because it was "not fully supported by medical findings and ... [was] inconsistent with other substantial evidence." (Tr. 18).  The Court finds the ALJ's terse treatment of Dr. Agtarap's opinion problematic for two reasons.  First, the Court notes that, while Plaintiff saw Dr. Agtarap on only four occasions, she treated with his partner and at his facility on a monthly basis for over one year.  Second, having found that the requisite treating relationship existed, the Court concludes that the ALJ's cursory statement is insufficient to satisfy the requirements of 20 C.F.R. § 404.1527(d)(2).  Although the ALJ may have been justified in rejecting Dr. Agtarap's opinion, it is clear that he did not consider the regulatory factors outlined above.  *See supra* p.5.  Therefore, remand on this issue is required.

The Court also finds Plaintiff's argument regarding her mental impairments persuasive.  Although the ALJ stated that he considered the opinions of state agency psychologists Drs. Demaree and Perritt, the record reflects that he did not adopt their findings. (Tr. 18). Both psychologists completed Psychiatric Review Technique Forms and mental RFC forms, indicating that Plaintiff suffered from an anxiety-related disorder, and was moderately limited in her ability to perform regular activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being disturbed; complete a normal workday and workweek without interruption and perform at a consistent pace without an unreasonable number and

7

length of rest periods; and respond appropriately to changes in the work setting. (Tr. 336-37, 341-41). The ALJ, however, did not adopt these findings, much less find that Plaintiff suffers from a severe mental impairment. Under these circumstances, the Court concludes that the ALJ failed to consider the totality of Plaintiff's impairments.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #5) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #4) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

Dated this 5th day of September, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-24-ShepherdMOO.wpd